**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DARLENE FITZGERALD,

    Plaintiff,

        v.

JOHN BELLINO, et al.,

    Defendants.

NO. 3:10-CV-667

(JUDGE CAPUTO)

## MEMORANDUM ORDER

Plaintiff Darlene Fitzgerald filed a Complaint (Doc. 1) against several defendants, including agencies and political subdivisions of the state of Pennsylvania, judicial officers, social workers and employees of Luzerne County Children and Youth Services, various attorneys, foster parents of Plaintiff's minor sons, several state troopers, and Doe defendants on March 26, 2010. The Complaint brought causes of action for "violation of constitutional rights" (Count I), "violations of oath of office" (Count II), false imprisonment (Count III), intentional infliction of emotional distress (Count IV), assault and battery (Count V), "issuance of writs of habeas corpus" (Count VI), and injunctive relief (Count VII). Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* on March 26, 2010. (Doc. 5.)

The decision whether to grant or deny *in forma pauperis* (IFP) status rests within the sound discretion of the district court. *See Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985) (applying abuse of discretion standard to appeal). 28 U.S.C. § 1915 provides a two-step process for reviewing IFP petitions. The Third Circuit Court of Appeals has made it clear that this Court should first consider a litigant's financial status and determine whether he is eligible to proceed IFP, then assess the complaint to determine whether it is frivolous,

malicious, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from suit. *See Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990) (court assesses complaint for frivolousness under § 1915(d)); Prison Litigation Reform Act, Pub. L. No. 104-134, § 804(a), (c)-(e), 110 Stat. 1321, 1321-74 (1996) (replacing 1915(d) with 1915(e), adding bases of review).

Plaintiff has met the first prong of the IFP inquiry. Her IFP application states that she has been unemployed since June 2009, has not received any income in the past twelve months from any other source, and has no cash or money in a checking or savings account.

However, Plaintiff cannot satisfy the second prong of the test. Plaintiff alleges that her minor sons were wrongfully seized from their father's home on October 8, 2004, and were placed in foster care through an *ex parte* proceeding the following day. (Compl. ¶¶ 15-16.) Plaintiff further alleges that she learned about the wrongful seizure of her sons in February 2005.

First, the Court notes that Plaintiff seems to base federal jurisdiction on diversity of citizenship. (Compl. ¶ 3.) However, the Complaint does not allege the citizenship of any of the Defendants, which is particularly problematic for the large number of individual defendants named by Plaintiff. The United States Supreme Court has held that in order for a federal court to exercise its jurisdiction on the basis of diversity of citizenship, there must be "complete diversity" between the parties. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Thus, "diversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant." *Id.* at 374. Because this Court cannot determine the citizenship of the Defendants, it cannot determine whether there is complete diversity of

2

citizenship. Thus, it cannot assume jurisdiction over this case on that basis.

To the extent that Plaintiff can access the federal courts through federal question jurisdiction, her federal claims fail. As to Plaintiff's claims of habeas corpus, the Supreme Court has made it clear that habeas relief is not available for children who are in foster care pursuant to an order issued by a state court. *Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 510-11 (1982).

Broadly construed, the other two potential federal claims are Plaintiff's claims for "violation of constitutional rights" and "violation of oaths of office." Both seem to be brought pursuant to 42 U.S.C. § 1983, as they seek monetary damages for constitutional torts. The Supreme Court has held that the statue of limitations for a § 1983 claim is the state statute of limitations for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 265 (1985). In Pennsylvania, this statute of limitations is two (2) years. 42 Pa. Cons. Stat. Ann. § 5524. Therefore, the applicable statute of limitations for Plaintiff's Section 1983 claims is two (2) years. As noted above, Plaintiff alleges that she was aware of these violations in February 2005. However, her Complaint was not filed until March 26, 2010, over five (5) years later. As such, these claims are barred by the statute of limitations.

Any remaining claims sound in state causes of action. Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a pendent state law claim if the district court has dismissed all claims over which it has original jurisdiction. Because Plaintiff has not properly alleged diversity jurisdiction, and this Court is dismissing the claims over which it would have original federal question jurisdiction, it will exercise its discretion to decline supplemental jurisdiction over the remaining state law

3

claims.

As such, Plaintiff has failed to state a claim upon which relief can be granted by this Court, and her IFP motion will be denied.

**NOW**, this __4th__ day of May, 2010, **IT IS HEREBY ORDERED** that:

(1)     Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2) is **DENIED**.

(2)     The case is **DISMISSED** without prejudice.

(3)     The Clerk of the Court shall mark this matter **CLOSED**.


      /s/ A. Richard Captuto
      A. Richard Caputo
      United States District Judge